UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARABIAN MOTORS GROUP W.L.L.,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.
_____/

Case No. 16-cv-13655
Hon. Matthew F. Leitman

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF #26)

Plaintiff Arabian Motors Group, W.L.L., a Kuwaiti automobile dealer, and Defendant Ford Motor Company are parties to an automobile resale agreement (the "Resale Agreement"). The Resale Agreement contains a provision that requires the parties to arbitrate certain disputes. A dispute arose, and in March 2016, Ford commenced arbitration proceedings against Arabian Motors.

Arabian Motors later filed this civil action and filed a motion for a preliminary injunction to stay the arbitration. (*See* the "Injunction Motion," ECF #5.) Arabian Motors' request for injunctive relief rested upon the Motor Vehicle Franchise Contract Arbitration Fairness Act, 15 U.S.C. § 1226 (the "Fairness Act" or the "Act"). The Fairness Act provides that "whenever a motor vehicle franchise contract provides for the use of arbitration to resolve a controversy arising out of or relating

1

to such contract, arbitration may be used to settle such controversy only if *after* such controversy arises all parties to such controversy consent in writing to use arbitration to settle such controversy." 15 U.S.C § 1226(a)(2) (emphasis added). Arabian Motors argued that under the Fairness Act, because it did not consent to use arbitration after its dispute with Ford arose, (1) it could not be compelled to arbitrate its dispute with Ford and (2) a provision of the Resale Agreement delegating the question of arbitrabiity to the arbitrator (the "Delegation Provision") was unenforceable. (*See* Injunction Motion, ECF #5.)

The Court disagreed with Arabian Motors and denied the Injunction Motion. (*See* the "Opinion and Order," ECF #18.) The Court concluded that the Fairness Act does not apply to contracts – like the Resale Agreement – between domestic manufacturers and *foreign* dealers; that the Act did not preclude enforcement of the Delegation Provision; and that under that provision, the arbitrator, not the Court, should decide whether Arabian Motors could be compelled to arbitrate its dispute with Ford. (*See id.*) On that basis, the Court declined to enjoin the arbitration. The Court subsequently denied Arabian Motors' motion for reconsideration. (*See* ECF #24.)

Arabian Motors now moves the Court to certify the Opinion and Order for an interlocutory appeal. (*See* ECF #26.) For the reasons explained below, the Court declines to grant the requested certification and therefore **DENIES** the motion.

2

# I

## A

Ordinarily, a party may appeal as a matter of right from a district court's order denying a motion for preliminary injunction. *See* 28 U.S.C. § 1292(a). But Section 16(b)(4) of the Federal Arbitration Act exempts from this general rule orders "refusing to enjoin an arbitration." 9 U.S.C. § 16(b)(4). These orders may be appealed only "as otherwise provided in section 1292(b) of title 28" ("Section 1292(b)"). *Id.* The "reason behind [this] dichotomy is that the policy of prompt and efficient adjudication through arbitration should not be undermined by interlocutory appeal." *Adler v. Dell, Inc.*, 2009 WL 646885, at *1 (E.D. Mich. Mar. 10, 2009).

## B

Section 1292(b) establishes the criteria that must be satisfied before a party may take an interlocutory appeal in a civil action. It provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the

district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). The party seeking permission for an interlocutory appeal bears the burden of showing that each of these listed requirements are satisfied, *see Vitols v. Citizens Banking Co.*, 984 F2d. 168, 170 (6th Cir. 1993), and a district court may not certify an order for review under Section 1292(b) unless it "expressly find[s] that *all* three" of the "requirements are met." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (emphasis added); *see also Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").

The United States Court of Appeals for the Sixth Circuit has emphasized that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). As that court has explained:

> It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966) (quoting *Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958)). These concerns apply with added force when a party seeks an interlocutory appeal from an

4

order declining to enjoin arbitration proceedings. Indeed, "Section 1292(b) certification is even more rare in the arbitration context given the policy of the [Federal Arbitration Act] to encourage arbitration." *Adler*, 2009 WL 646885, at *1; *see also Law Officers of Daniel C. Flint, P.C. v. Bank of America, N.A.*, 2016 WL 4190150, at * 2 (E.D. Mich. Aug. 9, 2016) (same) (quoting *Adler*, *supra*).

## II

The Court declines to certify the Opinion and Order for an interlocutory appeal because Arabian Motors has not satisfied each of the three required elements under Section 1292(b). It has offered reasonable arguments that the Opinion and Order presents a controlling question of law and has shown that there is a substantial ground for difference of opinion with the Court's ruling, but it has not demonstrated that an interlocutory appeal would materially advance the ultimate termination of this litigation.

### A

Arabian Motors contends that its proposed appeal presents a controlling question of law: namely, whether the Fairness Act applies to contracts between domestic automobile manufacturers and foreign automobile dealers. Arabian Motors argues that the resolution of this question goes to the heart of the arbitrator's authority to hear and decide the parties' dispute: If the Act applies to such contracts, then the arbitrator in this case has no authority to act because Arabian Motors has

not given its post-dispute consent to arbitrate. Thus, Arabian Motors contends, if this Court incorrectly decided the question, it has compelled the parties to litigate their dispute in a forum that lacks the authority to decide the matter, and, for that reason, the Opinion and Order may be deemed to present a controlling question of law. *See Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (holding that order compelling arbitration presented controlling question of law where appellant challenged arbitrator's power to resolve dispute).

There is some force to Arabian Motors' argument. In fact, some federal and state courts have treated similar questions concerning the enforceability of arbitration agreements as controlling questions of law. *See, e.g., Hoffman v. Citibank (South Dakota), N.A.*, 2007 WL 5659406, at *2 (C.D. Cal. Feb. 15, 2007) (holding that question concerning the enforceability of an arbitration provision in a contract was a "controlling question of law"); *Youssofi v. Credit One Fin.*, 2016 WL 6395086, at *2 (S.D. Cal. October 28, 2016) (same); *Triple Crown Observatory Village Assoc., Inc. v. Village Homes of Colorado, Inc.*, 389 P. 3d 888, 892-93 (Colo. App. 2013) (collecting federal and state decisions holding that questions concerning the enforceability of arbitration agreements qualified as "controlling questions of law").

Moreover, Arabian Motors reasonably contends that the question of whether the Fairness Act applies to contracts between domestic manufacturers and foreign dealers is the type of "pure" question of law that Congress had in mind when it authorized interlocutory appeals in Section 1292(b). As the United States Court of Appeals for the Seventh Circuit has explained, "the idea [behind Section 1292(b)] was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait until the end of the case." *Ahrenholz*, 219 F.3d at 676-77. The purely legal nature of the question Arabian Motors wishes to raise on appeal weighs in favor of deeming the question a controlling one of law.

However, given the procedural posture of the Court's ruling – on a motion for preliminary injunction – there is a strong argument that the question of whether the Fairness Act applies to contracts between domestic manufacturers and foreign dealers is not a controlling question of law here. The question is arguably not a controlling one at this point in this case because, as explained below in Section II(C), even if the Sixth Circuit were to reverse this Court's ruling and hold that the Fairness Act does apply to such contracts, that holding would not automatically entitle Arabian Motors to an injunction staying the arbitration proceedings.

This Court need not decide (and does not decide) the difficult question of whether Arabian Motors' proposed appeal presents a controlling question of law because even if it does, Arabian Motors still would not be entitled to an interlocutory appeal for the reasons explained below.

**B**

Arabian Motors has established that a substantial ground for difference of opinion exists regarding the correctness of the Court's decision that the Fairness Act does not apply to contracts between domestic manufacturers and foreign dealers. Arabian Motors' persuasively argues that Ford's own litigation history demonstrates that such grounds exist. In a prior civil action in this district, Ford argued – in direct contradiction to its position here and to this Court's ruling – that the Fairness Act *does* apply to contracts between domestic manufacturers and foreign dealers. *See Ford Motor Co. v. Ghreiwati Auto*, 945 F.Supp.2d 851, 863 (E.D. Mich. 2013). Ford surely would not have taken the contrary position unless it had a substantial basis for doing so.

Even apart from Ford's prior position, the Court is independently convinced that there is substantial room for disagreement with its ruling. "District courts in this circuit have interpreted 'a substantial ground for difference of opinion ... regarding the correctness of the decision' to mean [among other things] when 'the question is difficult and of first impression,'" *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir.

2013) (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)), and the question concerning the scope of the Fairness Act meets both of those criteria. The question has not been addressed by any other court. And the answer to the question is far from obvious. While the Court remains confident in its analysis and its conclusion that the Fairness Act does not apply to the Resale Agreement, Arabian Motors has offered serious counterarguments. The Court concludes that there is substantial ground for difference of opinion concerning the Opinion and Order that Arabian Motors seeks to appeal.

**C**

Given the procedural posture of the underlying arbitration proceedings between Ford and Arabian Motors, certifying the Opinion and Order for an interlocutory appeal would not materially advance the ultimate termination of this litigation. Those proceedings are well under way. Ford and Arabian Motors were required to exchange documents by March 22, 2017; will submit their cases-in-chief to the arbitrator on June 1, 2017; will commence the arbitration hearing on July 31, 2017; and will complete the arbitration hearing by August 11, 2017. (*See* Procedural Order No. 3, ECF #28-6 at 2-5, Pg. ID 902-905.) Even if this Court certified the Opinion and Order for an interlocutory appeal, the Sixth Circuit likely would not decide whether to permit that appeal until *after* the arbitration hearing has concluded.

9

And any decision by the Sixth Circuit on the merits would be issued even further in the future. Thus, "proceeding [with the] arbitration, rather than certifying an interlocutory appeal, is the fastest way for [this case] to be decided on the merits." *In Re Belton*, 2016 WL 164620, at *2; *see also Murray v. UBS Sec.*, LLC, 2014 WL 1316472, at *7 (S.D.N.Y Apr. 1, 2014) (holding that an interlocutory appeal would not materially advance the end of litigation because "it [was] safe to assume that the appeal process will take longer than the arbitration, thereby extending the time in which a final decision on the merits is rendered").

Moreover, "[t]he determination of whether litigation may be advanced by allowing immediate appeal usually turns on the procedural facts … such as the stage of the litigation at the time the appeal is sought," *Hoffman*, 2007 WL 5659406, at *4, and given the stage of this litigation and the nature of this Court's ruling, an interlocutory appeal would not materially advance its termination. The Opinion and Order denied a motion for a preliminary injunction staying the arbitration. Notably, when the Court denied the injunction request, it did not apply the traditional four-part test for assessing the appropriateness of injunctive relief. Instead, the Court held that before it could properly apply that test, it had to answer the preliminary question of who had the authority to determine whether Arabian Motors could be compelled to arbitrate – the Court or the arbitrator. The Court determined that the arbitrator, rather than the Court, was empowered to decide the arbitrability question,

and the Court denied injunctive relief on that basis. Importantly, if the Sixth Circuit were to reverse the Court's ruling, that reversal would not automatically entitle Arabian Motors to an injunction staying the arbitration. Instead, the action would return to this Court, and this Court would have to determine whether to grant injunctive relief staying the arbitration under the traditional four-part test.[1] Because an appellate ruling in Arabian Motors' favor would lead to additional litigation concerning whether the arbitration may proceed, an interlocutory appeal would not materially advance the termination of the litigation.

And even if a successful interlocutory appeal did ultimately lead to a stay of the arbitration proceedings, that would not materially advance the termination of this litigation. An interlocutory appeal "materially advances" the termination of an action when it allows the federal courts and the parties to "avoid protracted and expensive litigation," *Kraus*, 364 F.2d at 922, but an appeal that eventually resulted

---

[1] Even if the Sixth Circuit were to hold that the Fairness Act applies to the Resale Agreement, it is not obvious that Arabian Motors would be entitled to an injunction staying the arbitration proceedings. A showing of irreparable harm is an "essential" prerequisite to injunctive relief, *The Romantics v. Activision Pub, Inc.*, 532 F.Supp.2d 884, 890 (E.D. Mich. 2008), and there is authority for the proposition that a party does not suffer irreparable harm when an arbitrator proceeds to arbitrate a matter that is not subject to arbitration. *See, e.g. Trustmark Ins. Co., v. John Hancock Life Ins. Co.*, 631 F.3d 869, 872 (7th Cir. 2001). It is possible that this Court would follow that authority. It is likewise possible that the Court would find that the overall balance of the four preliminary injunction factors weighs against granting injunctive relief. In short, it is possible that the Court would again decline to enjoin the arbitration proceedings even if Arabian Motors prevailed in an interlocutory appeal concerning the scope of the Fairness Act.

in a stay of the arbitration would not necessarily achieve that goal. Even with a post-appeal stay, the parties would still engage in "protracted litigation" over the merits of this dispute, but they would do so in this Court rather than in an arbitral forum. Because a successful interlocutory appeal by Arabian Motors and a subsequent stay of the arbitration "would merely return" Arabian Motors' claims to this Court "where they would be litigated for at least several months," it is "unlikely that an immediate appeal would avoid protracted litigation in this case." *In Re Belton*, 2016 WL 164620, at *2 (S.D.N.Y. Jan. 12, 2016) (internal quotation marks omitted) (denying motion for an interlocutory appeal of an order compelling arbitration).

Finally, the Court is not persuaded by Arabian Motors' argument that an interlocutory appeal would materially advance the termination of this litigation. In support of that argument, Arabian Motors cites *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 725 F.Supp.2d 619, 624-25 (E.D. Mich. 2010), for the proposition that an interlocutory appeal materially advances the termination of litigation where it "permit[s] outcome determinative legal issues to be resolved before valuable resources are expended on further proceedings." (Motion, ECF #26 at Pg. ID 739.) But the question proposed for interlocutory review by Arabian Motors is not "outcome determinative," as the court used the term in *JP Morgan Chase*. In that case, the court used the term to describe an issue whose resolution would terminate a claim on the merits. *See JP Morgan Chase*, 725 F.Supp.2d at 625 (identifying issue

as "outcome determinative" where decision on that issue could have resulted in loss of a claim). Here, the issue proposed for interlocutory review concerns only *where* the parties will litigate their claims – in this Court or in arbitration – not *whether* the parties will litigate their claims, and thus it is not "outcome determinative" under the *JP Morgan Chase* standard.

Arabian Motors has failed to show that an interlocutory appeal would materially advance the termination of the litigation. Thus, this Court may not and will not certify the Opinion and Order for an interlocutory appeal. *See Ahrenholz, supra.*

### III

For the reasons explained above, this Court declines to certify its January 19, 2017, Opinion and Order (ECF #18) for an interlocutory appeal. Accordingly, Arabian Motors' motion (ECF #26) is **DENIED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 22, 2017, by electronic means and/or ordinary mail.

s/ Holly Monda
Case Manager
(313) 234-5113

13