UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARABIAN MOTORS GROUP W.L.L.,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.
_____/

Case No. 16-cv-13655
Hon. Matthew F. Leitman

### ORDER (1) DENYING PLAINTIFF'S MOTION TO VACATE ARBITRATION AWARD (ECF #32) AND (2) GRANTING DEFENDANT'S CROSS-MOTION TO CONFIRM ARBITRATION AWARD (ECF #35)

In 2005, Plaintiff Arabian Motors Group, W.L.L. ("Arabian Motors") and Defendant Ford Motor Company ("Ford") entered into an automobile resale agreement under which Arabian Motors sold Ford-made automobiles in certain countries in the Middle East (the "Resale Agreement"). (*See* Compl., ECF #1.) The Resale Agreement contained an arbitration provision requiring the parties to arbitrate certain disputes. (*See* Resale Agmt. at ¶14, ECF #5-1 at Pg. ID 245-46.)

In 2016, a dispute arose between the parties, and Ford commenced arbitration proceedings before the American Arbitration Association. (*See* Arbitration Demand, ECF #5-2 at Pg. ID 253-67.) Arabian Motors objected to the arbitration proceedings. It argued that under the Motor Vehicle Franchise Contract Arbitration Fairness Act, 15 U.S.C. § 1226 (the "Fairness Act"), it could not be compelled to arbitrate because

1

it did not consent to arbitrate after its dispute with Ford arose. The provision of the Fairness Act relied upon by Arabian Motors says that "whenever a motor vehicle franchise contract provides for the use of arbitration to resolve a controversy arising out of or relating to such contract, arbitration may be used to settle such controversy only if after such controversy arises all parties to such controversy consent in writing to use arbitration to settle such controversy." 15 U.S.C § 1226(a)(2).

The arbitrator issued an Interim Award overruling Arabian Motors' objection. He concluded that the Fairness Act does not apply to contracts between domestic automobile manufacturers and foreign automobile dealers like Arabian Motors. (*See* Interim Award at ¶¶ 17-40, ECF #32-3 at Pg. ID 1011-17.) On that basis, he rejected Arabian Motors' contention that, by operation of the Fairness Act, he lacked jurisdiction because Arabian Motors did not consent to arbitrate after its dispute with Ford arose. (*See id.* at ¶42, Pg. ID 1018.)

Arabian Motors also challenged the arbitrator's jurisdiction in this action. It filed a motion for a preliminary injunction in which it asked the Court to enjoin the arbitration on the ground that the arbitrator lacked jurisdiction over the parties' dispute. (*See* ECF #5.) In support of that motion, Arabian Motors advanced the same argument that it had presented to the arbitrator: namely, that by operation of the Fairness Act, it could not be compelled to arbitrate because it had not consented to do so after its dispute with Ford arose. (*See id.* at Pg. ID 209-16.) Like the arbitrator,

2

the Court rejected that argument and concluded, among other things, that the Fairness Act does not apply here because it does not cover contracts between domestic automobile manufacturers and foreign automobile dealers. (*See* Opinion and Order Denying Mot. for Prelim. Inj., ECF #18; Opinion and Order Denying Mot. for Reconsid., ECF #24.)

The parties then proceeded with the arbitration. The Arbitrator thereafter entered a Final Award in favor of Ford. (*See* ECF #32-2.) The arbitrator incorporated his Interim Award into the Final Award. (*See id.* at ¶16, Pg. ID 976.)

Arabian Motors has now moved to vacate the Final Award under 9 U.S.C. § 10(a). (*See* Mot. to Vacate, ECF #32.) Arabian Motors argues that the Court should vacate the award because the arbitrator acted with "manifest disregard for the law" when he concluded that (1) the Fairness Act does not apply to the parties' contract and (2) he had jurisdiction to hear the parties' dispute. (*See id.* at Pg. ID 949, 954-66.)

The Court has twice carefully considered and twice rejected Arabian Motors' arguments that the Fairness Act applies to the parties' contract. (*See* Opinion and Order Denying Mot. for Prelim. Inj., ECF #18; Opinion and Order Denying Mot. for Reconsid., ECF #24.) The Court adheres to its earlier rulings that the Fairness Act does not apply to the parties' contract, and it incorporates those rulings into this Order. The Court concludes that the arbitrator did not make any error – and certainly

did not show a "manifest disregard for the law" – when, like the Court, he concluded that the Fairness Act does not apply to the parties' contract and when, based upon that conclusion, he rejected Arabian Motors' argument that he lacked jurisdiction.[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. Arabian Motors' motion to vacate the Final Award is **DENIED**;

2. Ford's motion to confirm the Final Award is **GRANTED**; and

3. Ford shall prepare a proposed judgment confirming the Final Award. Ford shall present the proposed judgment to Arabian Motors and shall seek Arabian Motors' approval as to the form (only) of the judgment. If such approval is obtained, Ford shall submit the judgment for entry and shall note on the judgment that both parties approve of its form. If such approval is not obtained, Ford shall file a motion for entry of judgment in its proposed form.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2018

---

[1] Ford contends that the "manifest disregard for the law" standard does not apply here because (1) the "exclusive grounds" on which a district court may vacate an arbitration award are those found in 9 U.S.C. § 10(a) and (2) "manifest disregard for the law" is not listed in that statute. (ECF #35 at Pg. ID 1035-36; citing *Hall Street Assoc. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008)). The Court need not (and does not) resolve this issue because it concludes that Arabian Motors does not satisfy the "manifest disregard for the law" standard.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2018, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764